Curia, per

O’Neall, J.
This is another of the many cases depending upon the rule in Young vs. Monpoey, (2 Bail. 278. It has been followed by so many cases, and with such uniformity, that it cannot now be shaken, by even a case of more than ordinary hardship. It is only necessary to state the rule, and see how this case is effected by it. After the statute has run out, there must be “an express promise to pay or an ^admission of a subsisting debt which the party is willing and r*9fl1 liable to pay.” On the present occasion, there is no pretence that L there was an express promise to pay. What is meant by the admission of a subsisting debt, which the party is willing and liable to pay ? I think Judge Johnson, in Young vs. Monpoey, (2 Bail. 280,) gave a very happy illustration of what is meant. He said “if there be an unequivocal admission, that it is due and unpaid, unaccompanied by any expression, declaration, or qualification, indicative of an intention not to pay, the state of facts on which the law implies a promise, is then present and the party is bound by it. ” This illustration was further explained and enforced in Reigne vs. Desportes, (Dud. Rep. 118,) which declared the old debt to be the consideration, and the new promise the cause of action. Taking either or both of these, it is apparent that the promise here is not sufficient. It admitted the old debt to be due and unpaid, but it was accompanied by a plain expression that the party did not intend to pay, when lie said “ he could not pay,” and when he declined the very liberal offer to settle by note or bond on his own time. Let it be tested by asking where is the new promise on which an action could be sustained ? It cannot be contended that it is found in the admission of a debt, of which the defendant says “if it had been presented eight years ago, I could easily have paid it. Circumstances have altered with me. I cannot pay. Ilis other observation, “ it must come in to be paid with my other debts,” is all which remains. But that is no undertaking to pay it- It is simply saying it must stand as it is, and take its chance for payment with my other debts. The true mode, however, of arriving at what the defendant meant, is to take the whole conversation, and when we do, we see that W'hile the defendant admitted that the debt once was due, and might once have been paid, that now he declined to admit either his liability or willingness to pay.
The case of Hughes vs. Hughes, (Cheve’s Rep. 34,) was a stronger admission than that which is relied upon here, and yet the bar of the statute was there allowed.
In Lowrey vs. Dubose, (2 Bail. 425,) the promise was in writing, endorsed on the note “ this note was given in swap of horses, which (if admitted, though out of date, and sued in Sumter district, shall never *132 be pleaded in court, as I take no advantage of the Act of Limitations.” r4he con(btions ^contained in this promise were complied with, and it was held to take the case out of the statute. That was a plain admission of a subsisting debt, which the party admitted he was willing and liable to pay, notwithstanding the statute. From the conditions he probably intended to endeavor otherwise to defeat the payment. But there was no refusal of payment accompanying the promise, and therefore that case cannot help the plaintiff.
See 6 Rich. 27, 219; 3 Rich. 2S7; 4 Strob. 220; Dud. 118; 2 Bail. 310; 3 Hill, 223. An.
It has been said the admission proved here, was ambiguous, and that therefore the jury might well conclude that it was equivalent to the legal requisition. But I hold, as it was ruled in Trammell vs. Salmon, (2 Bail. 308, 310, 311,)(a) that whether the acknowledgment proved is sufficient to take the case out of the statute, is a question of law for the Court, and not one of evidence or construction for the jury. Any other rule will destroy the whole force and uniformity of the rule settled in Young vs. Monpoey, and will present the very state of non certainty which that rule was intended to remedy. One kind of acknowledgment will do before one jury, while a different one will be required by another. This must not be. I perceive the late decisions in England, under Lord Tenterden’s Act, by leaving the construction of written promises to the jury, are literally repealing the statute. This consequence there will prevent us from following. Our course is settled. We shall adhere to the rule in Young vs. Monpoey, in all cases, and shall consider that its application belongs to the Court and not to the jury.
The motion for a new trial is granted.
The whole Court concurred.

 6 Rich. 124. An.